UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLARD WILL BEE LAWSON,  )<br>         Plaintiff,            )<br>                                    )<br>    v.                            )   CAUSE NO.: 3:24-CV-549-JVB-AZ<br>                                    )<br>J. HOLT, *et al.*,              )<br>         Defendants.         )  | |

## **OPINION AND ORDER**

Willard Will Bee Lawson, a prisoner without a lawyer, filed a complaint. (ECF 1). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lawson is confined at the LaPorte County Jail while he awaits trial. (ECF 1). He sought employment as a trustee, and he was rejected. No reason was provided. He is suing J. Holt, J. Hilderbrandt, and Lt. Hahn. He alleges that each defendant has a say in who is selected as a trustee, and they use a "buddy system" to pick who they want to be trustees. Lawson feels that J. Hilderbrandt has a personal vendetta against him because he makes excuses for not awarding Lawson a trustee position. He seeks both monetary damages and injunctive relief in the form of an order mandating that he be given a trustee position.

A prisoner does not have a liberty or property interest in a prison job, and thus being deprived of a job does not violate his procedural due process rights. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). Therefore, Lawson cannot proceed on a due process claim.

He likewise cannot proceed under the Equal Protection Clause. Because Lawson does not suggest that the defendants targeted him due to his membership in a suspect class, rational basis review applies. *See Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016). "Prison classifications are presumed to be rational and will be upheld if any justification for them can be conceived." *Id.* To uphold governmental conduct under rational basis review, the court "need only find a reasonably conceivable state of facts that could provide a rational basis for the classification." *Indiana Petroleum Marketers & Convenience Store Ass'n v. Cook*, 808 F.3d 318, 322 (7th Cir. 2015). Lawson alleges only that he met the qualifications to be a trustee but was not selected for the position. There are many reasons why a quailed individual may not be selected for a position, including that there are more qualified individuals than there are available positions. The jail cannot be forced to employ each qualified individual when there are fewer positions to be filled than there are qualified individuals. That Lawson was qualified to be a trustee and not selected for the position does not state a claim. Lawson has not alleged facts from which it could be plausibly inferred that the decision not to employ him as a trustee violated the Equal Protection Clause.

Lawson may also be attempting to sue the LaPorte County Jail. It is unclear from his complaint because he lists the first defendant as "LaPorte Co. Jail (J. Holt)." (ECF 1 at 1). To the extent that was his intention, he cannot proceed because the LaPorte County Jail is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

This complaint does not state a claim for which relief can be granted. If Lawson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.

For these reasons, the Court:

(1) **GRANTS** Willard Will Bee Lawson until **October 21, 2024**, to file an amended complaint; and

(2) **CAUTIONS** Willard Will Bee Lawson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 20, 2024.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT