UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLARD WILL BEE LAWSON,           )
       Plaintiff,                              )
                                                )
   v.                                        )   CAUSE NO.: 3:24-CV-549-JVB-AZ
                                                )
J. HOLT, *et al.*,                            )
       Defendants.                         )

## **OPINION AND ORDER**

Willard Will Bee Lawson, a prisoner without a lawyer, filed an amended complaint. (ECF 7). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lawson is confined at the LaPorte County Jail while he awaits trial. (ECF 7). He sought employment as a trustee, and he was rejected because of his past charges. Lawson, however, contends that other inmates with similar charges have been permitted to work as trustees. He is suing J. Holt, J. Hilderbrandt, Lt. Hahn, and Shirley Butiste. He alleges that J. Holt, J. Hilderbrandt, and Lt. Hahn each have a say in who is selected as a trustee and that they use a "buddy system" to pick who they want to be trustees. Lawson feels that J. Hilderbrandt and Shirley Butiste have a personal vendetta against him, and he believes he was not awarded a trustee position because he is part Native American.[1] He asserts that J. Hilderbrant made a comment after this lawsuit was

---

[1] Lawson's earlier complaint did not mention that he was Native American or express any concern that the decision not to award him a trustee position was based on his race or ethnicity. (ECF 1).

initiated that Lawson believes is racist. Hilderbrant said that Lawson was "the little engine that couldn't." He seeks both monetary damages and injunctive relief in the form of an order mandating that he be given a trustee position.

The Court has already explained to Lawson, (*see* ECF 6), that a prisoner does not have a liberty or property interest in a prison job, and being deprived of a job does not violate his procedural due process rights. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). Therefore, Lawson cannot proceed on a due process claim.

He likewise cannot proceed under the Equal Protection Clause. "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). To state such a claim, a prisoner must allege that the "defendants intentionally treated him differently because of his race . . . ethnicity, sex, religion, or other proscribed factor . . . ." *Id*. at 719-20 (citing *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016)); *see also David K. v. Lane*, 839 F.2d 1265, 1271-72 (7th Cir. 1988) (collecting cases and noting discrimination must be intentional, purposeful, or have a discriminatory motive). Thus, Lawson must show "the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on an identifiable group." *David K.*, 839 F.2d at 1271-72.

Here, Lawson alleges that Hildebrandt was one of the people who decided who could be a trustee, and that he made a comment that Lawson understood to be racist: that Lawson was "the little engine that couldn't." Lawson has not explained why he believes this comment is racist. This is a reference to a children's story, "The Little Engine That Could," which taught the value of hard work and a positive attitude. https://en.wikipedia.org/wiki/The_Little_Engine_That_Could (last

visited Oct. 10, 2024). This comment was made after Lawson had been denied the trustee position, and it appears to reference Lawson's inability to get what he wanted. Even if the word "engine" were viewed as a reference to Lawson's status as a Native American, this comment alone does not permit an inference that Lawson was passed over for the position because he is Native American. *Cf. DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409, 422 (7th Cir. 2020) (Standing alone, "[t]he use of racially derogatory language, while unprofessional and deplorable," isn't serious enough to violate the Constitution.). Lawson also notes that no Native Americans were employed as trustees at the time, but he did not allege that any other qualified Native American had applied for the position. Lawson has not plausibly alleged that Hilderbrandt (or any other named defendant involved in the decision not to employ Lawson as a trustee) violated the Equal Protection Clause.

Lawson is suing Shirley Butiste because she is responsible for processing grievances from inmates complaining about not being given the trustee job. Lawson, however, has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Therefore, he cannot proceed against Shirley Butiste.

Lawson did not list LaPorte County as a defendant, but he indicates that it should be held liable in the body of his complaint. To state a claim against a municipal defendant under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), he must allege the existence of an unconstitutional official policy or practice. Lawson has not made such an allegation. Therefore, even if Lawson had listed LaPorte County as a defendant, he could not proceed against it.

Lawson has already had one opportunity to amend his complaint, and the amended complaint does not state a claim for which relief can be granted. "The usual standard in civil cases

is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

SO ORDERED on October 11, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
